UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES BOYCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-CV-235 JD |
| v. | ) |
| | ) |
| COURTNEY WOLF, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Charles Boyce, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Boyce alleges that while he was a pre-trial detainee at the Allen County Jail on October 29, 2010, Courtney Wolf cancelled his visitation and ordered that he be locked down for 24 hours.

Boyce alleges that Wolf did this because he was not ready for visitation and because he had previously filed a grievance against Wolf. Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless not every act against an inmate constitutes punishment, and a hearing is not necessary when done for legitimate reasons. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Here, Boyce's description of events shows that he was not fully dressed when Wolf came to his cell to escort him to the visitation area on that day. It was not punishment for Wolf to have skipped Boyce on that one day. Rather, it was the natural consequence of Boyce's not being ready to go. Nevertheless, Boyce has plausibly alleged that Wolf punished him by placing him on lock down for 24 hours. Furthermore, a prisoner may not be punished for engaging in activities, such as filing a grievance, which are protected by the First Amendment. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Therefore he has also plausibly alleged that Wolf retaliated against him by placing him on lock down for 24 hours.

In addition Boyce alleges that Wolf tried to slam his arm in the cell door. This does not state a claim because Boyce was not injured. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) (Actual injury caused by the defendant is required to establish liability). Mere exposure to potentially unsafe conditions does not state a claim for monetary damages and the fear of potential harm which does not occur is not actionable under § 1983. *Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997). *See also Dobbey v. Ill. Dep't of Correction*, 574 F.3d 443, 446 (7th Cir. 2009) (mere harassment is insufficient to state a claim).

For the foregoing reasons, the court:

(1) **GRANTS** Charles Boyce leave to proceed against Courtney Wolf in his individual capacity for monetary and punitive damages for punishing him on June 29, 2010, by placing him on lock down for 24 hours without due process in violation of the Fourteenth Amendment;

(2) **GRANTS** Charles Boyce leave to proceed against Courtney Wolf in his individual capacity for monetary and punitive damages for retaliating against him on June 29, 2010, by ordering that he be locked down because Boyce had previously filed a grievance against Wolf;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Courtney Wolf to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Courtney Wolf ; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Courtney Wolf respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.[1]

SO ORDERED.

ENTERED:  February 3, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] N.D. IND. L.R. 10-1(b) exempts answers to *pro se* complaints from the obligation to include a verbatim, paragraph by paragraph recitation of the complaint.